UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER POLSELLI,

    Plaintiff,

v.                                    Case No: 8:20-cv-2809-T-02JSS

HILLSBOROUGH AREA
REGIONAL TRANSIT
AUTHORITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Dkt. 2) ("Motion"), which the Court construes as a Motion for Leave to Proceed *in Forma Pauperis*. For the reasons that follow, it is recommended that the Motion be denied and that Plaintiff's Complaint (Dkt. 1) be dismissed without prejudice.

### APPLICABLE STANDARDS

Pursuant to 28 U.S.C. § 1915, the Court may authorize, upon request, the commencement of an action without requiring an individual to prepay fees or security. 28 U.S.C. § 1915(a)(1). This authorization requires the person making such a request to submit an affidavit demonstrating the individual's inability to pay. *Id.*

When considering a motion filed under Section 1915(a), "'[t]he only determination to be made by the court . . . is whether the statements in the affidavit

satisfy the requirement of poverty.'" *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* As such, a court may not deny an *in forma pauperis* motion "without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08); *see Miller v. U.S. Postal Serv.*, No. 8:13-CIV-952-T-17-AEP, 2013 WL 2250211, at *1 (M.D. Fla. May 22, 2013) (noting that the court will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess).

Further, when an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Although pleadings drafted by pro se litigants are liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they must still "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

## ANALYSIS

Upon review of the Motion, it appears that Plaintiff is financially eligible to proceed *in forma pauperis* in this case. Nonetheless, the Court recommends dismissal of Plaintiff's Complaint without prejudice for the reasons that follow.

Plaintiff filed his Complaint in this action on November 30, 2020, naming the Hillsborough Area Regional Transit Authority as Defendant. (Dkt. 1 at 1.) In the Complaint, Plaintiff alleges that on July 1, 2020, he was verbally abused and not permitted to use one of Defendant's buses. (Dkt. 1 at 4.) Plaintiff further asserts that he requested a complaint form from Defendant, but a form was not provided to him and he was refused any further information. (Dkt. 1 at 4.) Plaintiff alleges this refusal constitutes a violation of Title VI of the Civil Rights Act of 1964 and "open public records." (Dkt. 1 at 3–4.)

Although pleadings drafted by pro se litigants are liberally construed, *Tannenbaum*, 148 F.3d at 1263, they must still "conform to procedural rules," *Loren*, 309 F.3d at 1304. Plaintiff's Complaint in this case fails to comply with several provisions of the Federal Rules of Civil Procedure.

First, a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b). Here, Plaintiff's Complaint does not state his claim(s) in numbered paragraphs or identify the elements associated with Plaintiff's Title VI claim or any other claim. (Dkt. 1 at 3–4.)

Further, Plaintiff's Complaint fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff's Complaint does not satisfy the second requirement of Rule 8(a), which requires a complaint include a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim that is plausible on its face contains factual information that will permit the Court to reasonably infer that a defendant is liable for the alleged misconduct. *See Twombly*, 550 U.S. at 570.

Under Title VI of the Civil Rights Act of 1964, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Here, Plaintiff does not provide any information in his Complaint concerning his membership in any of the protected classes outlined in Title VI. The only identifying information Plaintiff provides about himself is that he is a "senior citizen." (Dkt. 1 at 4.) Age is not,

however, a protected class under Title VI. 42 U.S.C. § 2000d; *Salanquit v. Samford U.*, No. 2:05-CV-2221-RDP, 2007 WL 9711595, at *7 (N.D. Ala. Apr. 24, 2007) ("The plain language of Title VI clearly indicates that it applies only to claims of discrimination based on race, color, or national origin."). While age is a protected characteristic under the Age Discrimination in Employment Act ("ADEA"), Plaintiff has not cited the ADEA nor is he alleging that he is or was employed by Defendant or suffered any adverse employment action. *See* 29 U.S.C. § 623; *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1359 (11th Cir. 1999) (outlining the elements a plaintiff is required to establish in order to show a prima facie case of discrimination under the Age Discrimination in Employment Act as "(1) that she was a member of the protected group of persons between the ages of forty and seventy; (2) that she was subject to adverse employment action; (3) that a substantially younger person filled the position that she sought or from which she was discharged; and (4) that she was qualified to do the job for which she was rejected").

In addition, Plaintiff fails to provide any factual allegations describing how Defendant's actions are in any way related to Plaintiff's belonging to a protected class. Plaintiff alleges he was refused service and "verbally abused," but not that these actions were on the basis of his race, color, or national origin. (Dkt. 1 at 4.); *Walton v. Sec'y VA*, 187 F. Supp. 3d 1317, 1331 (N.D. Ala. 2016) ("[C]ourts in the Eleventh Circuit hold that to establish a prima facie case under Title VI, a plaintiff must show (1) a defendant receives federal funds, (2) the plaintiff was discriminated against, and (3) the plaintiff's race, color, or national original was the motive behind that

discriminatory conduct."). Therefore, Plaintiff has not provided sufficient factual allegations to present a plausible claim that Defendant is liable for a violation of Title VI.

Additionally, Plaintiff's Complaint contains a reference to "open public records" and noncompliance by Defendant with regard to "public information." (Dkt. 1 at 3–4.) These assertions, however, contain no reference to any federal statute or constitutional provision that would provide a legal basis for this claim. "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Without any proper legal basis, this claim is subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B).

Finally, Plaintiff has not included in his Complaint a sufficient demand for relief sought, as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(3). A sufficient demand for relief is "any concise statement identifying the remedies and the parties against whom relief is sought will be sufficient." *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1161 (11th Cir. 1993) (citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1255 at 366 (2d ed. 1990)).

Here, Plaintiff states that $500,000.00 is the amount in controversy. (Dkt. 1 at 4.) However, Plaintiff is not asserting diversity jurisdiction under 28 U.S.C. § 1332. In liberally construing the Complaint, the Court interprets this reference to $500,000.00 as a statement of Plaintiff's claim for relief. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Plaintiff does not specify whether he is seeking nominal, compensatory, or punitive damages. To the extent Plaintiff is seeking

punitive damages, "punitive damages may not be awarded in private suits brought under Title VI of the 1964 Civil Rights Act." *Barnes v. Gorman*, 536 U.S. 181, 189 (2002). To ensure that Plaintiff's demand for relief is not frivolous under 28 U.S.C. § 1915, it is recommended that Plaintiff identify the specific type of relief sought. *See Schott v. Ierubino*, No. 08-61037-CIV, 2009 WL 790121, at *4 (S.D. Fla. Jan. 12, 2009) (requiring that plaintiff file an amended complaint specifying the type of relief sought).

In sum, Plaintiff's Complaint fails to conform to the Federal Rules of Civil Procedure and fails to state a claim on which relief can be granted. Therefore, Plaintiff's Complaint should be dismissed without prejudice for failing to satisfy Rules 8(a) and Rule 10(b).

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's construed Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 2) be **DENIED** without prejudice.

2. Plaintiff's Complaint (Dkt. 1) be **DISMISSED** without prejudice and with leave to file an amended pleading that complies with the Federal Rules of Civil Procedure. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (internal quotation and citation omitted). The undersigned recommends that the amended

complaint, if any, be due within twenty (20) days of the date this Report and Recommendation becomes final.

**IT IS SO REPORTED** in Tampa, Florida, on February 19, 2021.

                                              JULIE S. SNEED
                                      UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Unrepresented Party